NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5080

JOHN D. BOYER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

David P. Sheldon, Law Offices of David P. Sheldon, PLLC, of Washington, DC, for plaintiff-appellant.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel was David W. Fink, Litigation Attorney, Office of the Judge Advocate General, United States Department of the Navy, of Washington, DC.

Appealed from:  United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5080

JOHN D. BOYER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-685, Senior Judge Robert H. Hodges, Jr.

_____

DECIDED: April 24, 2009

_____

Before MAYER, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

John D. Boyer ("Boyer") appeals the decision of the Court of Federal Claims affirming the U.S. Navy's denial of constructive service credit to Boyer for his time in medical school.  Boyer v. United States, 81 Fed. Cl. 188 (2008).  Because Boyer has identified no basis for overturning the court's decision, we affirm.

Boyer enlisted in the U.S. Navy and enrolled in the Uniformed Services University of the Health Sciences in 1983, graduating as a medical doctor with the class of 1987.  He served until honorably discharged in 2001.

The Armed Forces originally granted constructive service credit to University of the Health Sciences graduates, providing four years' seniority for calculating pay. 37 U.S.C. § 205(a) (1962). However, in 1981, the Defense Officer Personnel Management Act, Pub. L. No. 96-513 ("Act"), repealed this credit for all graduates other than those in graduating classes through 1985. Notwithstanding the Act's cutoff with the class of 1985, the correction boards for the Army, Air Force, and Navy extended credit to all graduates of the class of 1986 based on evidence of misrepresentation by military recruiters about the credit's continued availability. A 1998 letter from the University's General Counsel suggests that the Air Force acted first in granting credit to 1986 graduates, and concludes that the Army and Navy "were obliged to follow."

Boyer contends that he is entitled to constructive service credit, despite his being a member of the class of 1987, and, thus, ineligible under the literal terms of the Act. He petitioned the Board for Correction of Naval Records ("Navy Board") for service credit three times from 1989 to 2004. All three petitions were unsuccessful. In the most recent petition, which is the subject of this appeal, Boyer submitted an affidavit asserting that he would not have enrolled in the University absent misleading recruiting information, and pointing out that the Army and Air Force Boards eventually ruled in favor of some (but not all) 1987 graduates. The Navy Board's denial of this petition was contained in a two-page letter dated February 12, 2004. In response, Boyer filed suit in the Court of Federal Claims, where he additionally argued that the Navy's decision violated his right to equal protection under the Fifth Amendment. The court affirmed the Navy Board's ruling in a judgment on the administrative record. Boyer appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3) (2006).

We exercise plenary review of legal determinations by the Court of Federal Claims, including judgment on the administrative record. Roth v. United States, 378 F.3d 1371, 1381 (Fed. Cir. 2004). Applying the same standard applied by the Court of Federal Claims, we review whether the military correction board's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Id.

Boyer first argues that the Navy Board acted arbitrarily and capriciously in failing to correct "an injustice clearly presented in the record." Id. (citation omitted). The basis for his contention is that the Navy Board did not consider the fact that the Army Board granted relief to some of his classmates. The Board's February 12, 2004 letter acknowledges the Air Force's actions, but does not discuss any action by the Army Board. Boyer also accuses the trial court of inventing post hoc rationales to fill this gap in the Navy Board's decision.

The trial court's comprehensive thirty-page opinion observes that the Navy Board's letter categorically addresses actions by the other service boards. The letter acknowledges the Air Force Board's grant of relief to some members of the class of 1987 but concludes that "the actions taken by one service correction board need not be blindly replicated by the other boards." J.A. 43. The Navy Board also concluded: "It is this Board's position that the [Air Force] was wrong in granting blanket relief to the Class of 1986, and that it was also wrong in granting relief to any members of the Class of 1987 regardless of recruiter misinformation." It determined that the other services' actions "created serious inequities" among 1987 graduates. Id. The letter's omission of any specific consideration of the Army Board's corrective actions does not change the logic or force of the Navy's explanation of its decision to refuse to follow other services

in crediting 1987 graduates. Not all of Boyer's classmates received credit, and the Navy offered credible explanations for denying relief to Boyer. Boyer's argument fails to show arbitrariness in the Board's decision.

Substantial evidence also supports the Navy Board's determination. The individual soldiers' case files that Boyer himself submitted show that credit was awarded only to graduates in the class of 1987 who showed particularized evidence of misinformation, such as testimony from doctors about misleading conversations. Boyer, 81 Fed. Cl. at 203-04. Thus, if the Navy had followed the lead of its fellow services, the predicate to relief would have been a strong evidentiary showing of misleading advice. On the record presented, Boyer failed to meet that standard. Here, the Navy Board was "not persuaded that the alleged miscounseling was a pivotal factor in [Boyer's] decision." J.A. 42.

Boyer's other arguments collectively fault the Navy Board for not saying enough to explain its decision. He argues that the Navy Board did not evaluate the "individual circumstances" of his case and rejected his claim "solely on the fact that he was in the Navy." Appellant's Br. 34-35. According to Boyer, the two-page notification provides an insufficient basis to challenge the Board's reasoning. He also contends that the Navy Board impermissibly attacked his character and credibility by discounting his affidavit.

The Navy Board is not required to list everything that it considers, only the "essential facts" supporting a denial. 32 C.F.R. § 723.3(e)(4) (2008). Our predecessor court has stated that in military administrative decisions, "[t]he reasons need not be expressed in great detail. All that is required is sufficient notification to the serviceman to permit him, if he may, to rebut the board's action." Craft v. United States, 544

F.2d 468, 474 (Ct. Cl. 1976) (citations omitted); see also Buchanan v. United States, 223 Ct. Cl. 291, 312 (1980). While Boyer advocates a novel "individual circumstances" test for Navy Board decisions, the trial court declined to adopt this standard without legal precedent, Boyer, 81 Fed. Cl. at 202, as do we.

While the Navy Board's letter was relatively brief, it presented sufficient explanation to Boyer to permit him to rebut its decision. The letter explained that Boyer's 1983 enrollment occurred two years after Congress repealed the service credit, that the Navy Board was not persuaded of Boyer's reliance on misinformation, and that it disagreed with the other correction boards' grants of relief to some 1987 graduates. From the letter, it is clear that the Navy Board considered not only the categorical reasons argued by the parties but also the individualized bases asserted by Boyer under the specific facts relating to him. That was all that was required.

Boyer focuses much attention on the Navy Board's statement that it "is not persuaded" that Boyer relied on alleged miscounseling. Boyer claims that the Navy Board impermissibly attacked the credibility of his affidavit, citing Van Cleave v. United States, 70 Fed. Cl. 674 (2006). In Van Cleave, the Court of Federal Claims overturned a correction board decision that baselessly accused a service member of lying about migraine headaches. However, Van Cleave does not stand for the sweeping proposition that a board may not judge an applicant's credibility in the course of weighing evidence. Here, Boyer's affidavit appeared twenty years after the events in question and arguably conflicts with statements he made in his 1992 petition, where he testified that his decision "may have been different." Boyer, 81 Fed. Cl. at 197-99. Boyer is correct that the Navy Board's letter does not cite this evidence, but the

evidence was in the record, was presumptively considered, and is substantial evidence supporting the Board's ultimate conclusion.

Boyer's final challenge is that the Government violated his Fifth Amendment equal protection rights. We are unpersuaded that a violation occurred. Both parties agree that rational basis review is the proper level of scrutiny. "On a rational basis review, a classification bears a strong presumption of validity, and the burden of persuasion is on a challenger to show the absence of a rational basis. A rational basis is any reasonably conceivable state of facts that support the classification. Such facts may be based on rational speculation unsupported by evidence or empirical data." Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1318 (Fed. Cir. 2003) (quotations and citations omitted).

Boyer contends that the Government discriminated between him and both the class of 1986 and his non-Navy peers in the class of 1987 who received relief. The trial court identified several legitimate government interests that would justify the alleged classifications: reducing costs, limiting inequity between students, and complying with the Defense Officer Personnel Management Act. See Boyer, 81 Fed. Cl. at 205-07. Denying credit to Boyer is reasonably related to achieving these ends. The trial court also contested Boyer's allegation of discrimination by noting that Boyer did not show that he was situated similarly to his peers, due to lack of corroborating evidence of miscounseling. Boyer responds that "[a] difference in the type of evidence offered by litigants, or even a difference in how persuasive a court finds the evidence, cannot be a valid criterion for determining whether they are similarly situated." Appellant's Br. 50.

To the extent this suggests that courts must treat convincing and unconvincing evidence equally, we disagree.

For all of these reasons, the judgment of the Court of Federal Claims is <u>affirmed</u>.